<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4214**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GUSTAVO HERNANDEZ-LUNA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:10-cr-00313-H-1)

Submitted:  November 8, 2011      Decided:  December 14, 2011

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gustavo Hernandez-Luna appeals from a sixty-month sentence imposed upon him pursuant to his guilty plea to illegal reentry by a convicted felon. The presentence report ("PSR") recommended a base offense level of eight and a sixteen-level increase because Hernandez-Luna previously had been deported after sustaining a conviction for a crime of violence, namely aggravated assault. See U.S. Sentencing Guidelines Manual § 2L1.2 (2010) ("Section 2L1.2"). Hernandez-Luna moved for a variance sentence and a sentence at the low end of the Guidelines range (fifty-seven months), arguing that Section 2L1.2 unreasonably increased his advisory range, failed to reflect the statutory sentencing factors, and did not exemplify the Sentencing Commission's exercise of its characteristic institutional role. See Kimbrough v. United States, 552 U.S. 85, 109-10 (2007) (holding that district courts are entitled to reject application of certain Guidelines based on disagreement with underlying policy). The district court denied Hernandez-Luna's request, reasoning that, given the totality of his criminal record, the enhancement was not unreasonable. Hernandez-Luna argues on appeal that his sentence is both procedurally and substantively unreasonable. We affirm.

We review a sentence imposed by the district court, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's Guidelines range. Id. at 49, 51. We then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Id. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many

3

ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Hernandez-Luna argues that his sentence is procedurally unreasonable because the district court failed to address his argument that Section 2L1.2 was an unreasonable enhancement in and of itself, without application to his specific circumstances. Hernandez-Luna contends that the district court only addressed whether the application of the Guidelines was reasonable based upon his individual characteristics and did not address his actual claim as to whether the Guideline was generally inappropriate as a policy

4

matter. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district [court] should address the party's arguments and explain why [it] has rejected those arguments." Carter, 564 F.3d at 328.

We conclude that the district court properly considered Hernandez-Luna's arguments in the context of his individual characteristics. The court read Hernandez-Luna's memorandum and heard additional oral argument. There is no indication that the court misunderstood the policy arguments being made or its discretion to impose a variance sentence on policy grounds. In fact, the district court stated that, had Hernandez-Luna's prior conviction been an aberration, the court might have been more inclined to agree with him that the Guidelines range was too harsh. See United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir. 2009) (noting that district court's consideration of policy decisions underlying the Guidelines is part of the § 3553(a) analysis).[1]

---

[1] Hernandez-Luna argues without support on appeal that "[t]he sixteen-level enhancement under § 2L1.2 is either a reasonable increase or it is not. . . . The reasonableness . . . does not depend upon the defendant to whom it is being applied." Appellant's Br. at 15. However, the district court is required to impose an individualized sentence based on individualized reasoning. Thus, the district court is free to find the Guideline appropriate is certain cases and not in others. See United States v. Mitchell, 624 F.3d 1023, 1028 (9th Cir. 2010) (Continued)

Accordingly, the court, as required, provided individualized reasoning for Hernandez-Luna's sentence and thus there was no procedural error.

Hernandez-Luna also argues that his sentence is substantively unreasonable. Specifically, he contends that, as a result of the application of Section 2L1.2, his offense level and resulting Guidelines range overrepresented the seriousness of his criminal conduct and did not comport with § 3553(a)'s overall goal that a sentence not be excessive. He also contends that the Guideline is arbitrary and was not adopted after careful consideration and research.

Hernandez-Luna fails to overcome the appellate presumption that his sixty-month sentence is substantively reasonable. He has not demonstrated on appeal that the district court erred in its application of Section 2L1.2 and does not direct this court to any authority for the proposition that a proper application of this Guideline produces a sentence unintended by Congress. Further, his policy argument, even if accepted in other cases, would not <u>require</u> the district court to impose a sentence below the Guidelines range. <u>See</u> <u>United</u>

---

(noting that sentencing judge is empowered to disagree with particular Guidelines "when the circumstances in an individual case warrant"), <u>cert. denied</u>, 131 S. Ct. 1542 (2011).

States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007); see also United States v. Lopez, 650 F.3d 952, 967 (3d Cir. 2011) (rejecting similar Section 2L1.2 challenge and noting that, even where policy arguments have been found valid, rejection of Guidelines range is not required when court does not, in fact, have a disagreement with the Guideline at issue); United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011) (holding that Section 2L1.2 was properly adopted pursuant to usual procedures and rejecting policy challenge where the district court arrived at the sentence after application of § 3553 factors). Hernandez-Luna's sentence was near the bottom of his presumptively reasonable Guidelines range.[2] Accordingly, we conclude that, under the totality of the circumstances, Hernandez-Luna fails to establish that his sentence is substantively unreasonable.

Because Hernandez-Luna fails to establish that the district court abused its discretion in imposing sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

---

[2] Despite Hernandez-Luna's contention, a Guidelines range calculated under Section 2L1.2 is still presumptively reasonable. See Mondragon-Santiago, 564 F.3d at 366.

7

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED